<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                 UNITED STATES COURT OF APPEALS
                     FOR THE FIRST CIRCUIT
                      ____________________

No. 96-2347

                      C.B. TRUCKING, INC.,

                     Plaintiff - Appellant,

                               v.

                WASTE MANAGEMENT, INC., ET AL.,

                    Defendants - Appellees.

                      ____________________

          APPEAL FROM THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF MASSACHUSETTS

          [Hon. Morris E. Lasker, U.S. District Judge]

                      ____________________

                             Before

                    Torruella, Chief Judge,

Godbold, Senior Circuit Judge,

and Barbadoro, District Judge.

                     _____________________

   Edward J. McCormick, III, with whom McCormick & Maitland was
on brief for appellant.
   J. Anthony Downs, with whom A. Lauren Carpenter and Goodwin,
Procter & Hoar LLP were on brief for appellees.

                      ____________________

                        March 2, 1998
                      ____________________

        BARBADORO, District Judge.  C.B. Trucking, Inc. brought
this action against Waste Management of Massachusetts, Inc. and its
parent, WMX Technologies, Inc., alleging, among other things, that
defendants had illegally attempted to monopolize the residential
solid waste collection business in southeastern Massachusetts
through a practice of predatory pricing.  Treating defendants'
motion to dismiss for failure to state a claim as a motion for
summary judgment, the district court summarily disposed of the
predatory pricing claims.  On appeal, C.B. Trucking asserts that
the district court erred because it:  (1) failed to properly notify
the parties of its intention to convert the motion into a motion
for summary judgment; (2) ruled on the motion without giving C.B.
Trucking an opportunity to conduct discovery; and (3) granted
summary judgment even though facts material to the motion remained
in genuine dispute.  We reject these arguments and affirm the
district court.
                               I.
                              A.
        C.B. Trucking is a family-owned company that operates a
residential solid waste collection business in southeastern
Massachusetts.  From 1990 through 1994, the company collected
residential solid waste in Franklin and Medway, Massachusetts,
pursuant to contracts with those towns.  In 1994, after a process
of public bidding, Franklin and Medway, as well as the nearby town
of Norton, Massachusetts, awarded Waste Management exclusive
residential solid waste collection contracts.  In securing these
contracts, Waste Management outbid not only local operators such as
C.B. Trucking, but also national operators such as Browning-Ferris
Industries and Laidlaw Waste Systems, Inc.  Each contract was for
a three-year term and required Waste Management to perform
specified collection services for a fixed price during the contract
term.
        Waste Management's bids for the Medway and Norton
contracts were lower than the next lowest bids by approximately
$40,000 in each case.  The company's final bid for the Franklin
contract at $1.58 million came in under C.B. Trucking's final bid
by only about $4000.
                              B.
        C.B. Trucking brought this action against Waste
Management and WMX Technologies asserting that defendants had:  (1)
violated the Sherman Act, 15 U.S.C.A.  1, 2 (West 1997), by
attempting to monopolize the residential solid waste business in
southeastern Massachusetts through a practice of predatory pricing;
(2) violated the Robinson-Patman Act, 15 U.S.C.A.  13, 13a (West
1997), by engaging in predatory pricing; (3) intentionally
interfered with existing contracts between C.B. Trucking and the
towns of Franklin and Medway in violation of Massachusetts law; and
(4) engaged in unfair and deceptive business practices in violation
of the Massachusetts Consumer Protection Act, Mass. Gen. Laws Ann.
ch. 93A (West 1997).
        Defendants moved to dismiss the complaint for failure to
state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  At a hearing
on the motion, the district court asked Waste Management to submit
an affidavit addressing the limited issue of whether its bids for
the three contracts at issue were below its costs.  The court also
advised C.B. Trucking that it could respond to Waste Management's  
affidavit as it saw fit.
        Following the hearing, Waste Management submitted an
affidavit from the employee who had prepared its bids and managed
the contracts at issue, stating that Waste Management had not lost
money on any of the contracts.  The affidavit also alleged that
Waste Management had lost out in bidding on other residential solid
waste contracts in the same geographic area during the relevant
time period, and that it currently faced competition in the area
from approximately eighteen trash haulers.  After seeking and
obtaining additional time to respond, C.B. Trucking countered with
an affidavit from its president who concluded that Waste
Management's bids must have been below its own costs because they
were below C.B. Trucking's costs.
        Having solicited the affidavits, the court converted
defendants' Rule 12(b)(6) motion into a motion for summary
judgment.  It then disposed of the predatory pricing claims by
concluding that C.B. Trucking had failed to produce sufficient
evidence that Waste Management had engaged in below-cost pricing to
withstand summary judgment.  It also declined to exercise
supplemental jurisdiction over the state law claims.  On appeal,
C.B. Trucking contests only the dismissal of its Sherman Act
predatory pricing claim.
                             II.
                              A.
        C.B. Trucking first asserts that the district court erred
because it never expressly notified the parties of its intention to
convert defendants' motion to dismiss into one for summary
judgment.  Had the court done so, C.B. Trucking contends, it would
have sought additional time to conduct discovery in order to gather
the evidence needed to withstand the motion.   
        Rule 12(b) provides that a court shall convert a motion
to dismiss for failure to state a claim into one for summary
judgment if "matters outside the pleadings are presented to and not
excluded by the court."  Fed. R. Civ. P. 12(b).  We employ a
functional approach to the conversion process.  See Rodrguez v.
Fullerton Tires Corp., 115 F.3d 81, 83 (1st Cir. 1997).  
Accordingly, we have not required a district court to give express
notice of its intention to convert if the surrounding circumstances
effectively place the parties on notice that the court has the
option of treating the motion as a motion for summary judgment and
the parties have been given "reasonable opportunity to present all
material made pertinent to such a motion by Rule 56."  Id. (quoting
Fed. R. Civ. P. 12(b)); see also Chaparro-Febus v. International
Longshoremen Ass'n, Local 1575, 983 F.2d 325, 332 (1st Cir. 1992)
(treating failure to give express notice of conversion as harmless
error).
        Here, the circumstances surrounding the conversion of
defendants' motion to dismiss were sufficiently clear to
effectively place C.B. Trucking on notice that the district court
intended to treat the motion as a motion for summary judgment.  
Rather than relying on defendants' assertion that the complaint
failed to sufficiently allege below-cost pricing, the district
court signaled its intention to delve into the evidentiary
sufficiency of C.B. Trucking's allegations by calling on the
parties to submit affidavits addressing the issue.  Given the
court's request for information that it could only consider
consistent with Rule 12(b) if it converted the motion to dismiss
into a motion for summary judgment, C.B. Trucking has no credible
basis to complain that it was unfairly surprised by the conversion.
        Nor can C.B. Trucking claim that the conversion unfairly
deprived it of the opportunity to submit responsive materials on
the below-cost pricing issue.  The case had been pending for more
than a year when the district court called on the parties to submit
affidavits on the pricing issue.  Moreover, C.B. Trucking was given
more than a month to prepare and file affidavits responding to
Waste Management's denial that it had engaged in below-cost
pricing.  Under these circumstances, the district court acted well
within its discretion in treating the motion to dismiss as a motion
for summary judgment.  
                              B.
        C.B. Trucking alternatively claims, based on Fed. R. Civ.
P. 56(f), that the district court should have refrained from ruling
on the converted summary judgment motion so that it could have
conducted discovery on the below-cost pricing issue.  We review the
district court's decision to proceed to the merits of the summary
judgment question for abuse of discretion.  See Morrissey v. Boston
Five Cents Sav. Bank, 54 F.3d 27, 35 (1st Cir. 1995).
        When properly invoked, Rule 56(f) allows a party opposing
summary judgment additional time to conduct discovery on matters
related to the motion.  See Resolution Trust Corp. v. North Bridge
Associates, Inc., 22 F.3d 1198, 1203 (1st Cir. 1994).  To benefit
from the rule, however, a party must meet several requirements.  
First, although a request for Rule 56(f) relief need not be
expressly labeled as such, the party invoking the rule at a minimum
must ask the court to refrain from acting on the summary judgment
request until additional discovery can be conducted.  See Ayala-
Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996);
Dow v. United Bhd. of Carpenters, 1 F.3d 56, 61 (1st Cir. 1993).  
In other words, a party ordinarily may not attempt to meet a
summary judgment challenge head-on but fall back on Rule 56(f) if
its first effort is unsuccessful.  Second, a party relying on Rule
56(f) must demonstrate that it was diligent in pursuing discovery
before the summary judgment initiative surfaced.  See Ayala-Gerena,
95 F.3d at 92 ("Rule 56(f) is designed to minister to the vigilant,
not to those who slumber upon perceptible rights.").  Finally, the
party must "set forth a plausible basis for believing that
specified facts, susceptible of collection within a reasonable time
frame, probably exist" and "indicate how the emergent facts, if
adduced, will influence the outcome of the pending summary judgment
motion."  Resolution Trust Corp., 22 F.3d at 1203.  C.B. Trucking
cannot satisfy any of these requirements.   
        The only reference C.B. Trucking made in district court
to the need for additional discovery was a comment in its
opposition to Waste Management's affidavit in which the company's
attorney stated, "[a]ccordingly, this court should deny the
defendants' motion and at a minimum allow the plaintiff discovery
on the issue of cost."  C.B. Trucking accompanied its opposition
with an affidavit from its president attempting to address the
below-cost issue on its merits.  Because it is apparent from the
opposition and the supporting affidavit that C.B. Trucking was
content to have the court act on the merits of the motion, its
passing comment that the court should deny the motion so that the
parties could conduct additional discovery is simply not sufficient
to trigger Rule 56(f).   
        Rule 56(f) relief was also unjustified because C.B.
Trucking was not diligent in pursuing discovery.  Although C.B.
Trucking acknowledges that a plaintiff in a predatory pricing case
must prove that the prices a plaintiff complains of were below its
competitor's costs, see Brooke Group Ltd. v. Brown & Williamson
Tobacco Corp., 509 U.S. 209, 223-26 (1993), the company conducted
no discovery on this issue during the twenty-one months in which
this case was pending in the district court.  Given this failure,
C.B. Trucking is in no position to complain of the court's decision
to examine the evidentiary sufficiency of the predatory pricing
claim.
        Finally, further delay in the resolution of Waste
Management's motion was unwarranted because C.B. Trucking failed to
identify any material evidence that it was likely to uncover if it
was given additional time to conduct discovery.  As this court has
recognized, a plaintiff's speculative assertions that the defendant
has unspecified facts in its possession necessary for the plaintiff
to develop its legal theories coupled with conclusory statements
that discovery should be commenced are "entirely inadequate to
extract the balm of Rule 56(f)."  Paterson-Leitch Co. v.
Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 989 (1st Cir.
1988).  At best, C.B. Trucking made a non-specific request that the
court deny the motion so that it could conduct additional
discovery.  This type of general and unsupported statement will not
satisfy Rule 56(f).  Accordingly, the district court was well
within its discretion in proceeding to the merits of the summary
judgment motion.  
                              C.
        Having determined that the district court had the
discretion to rule on defendants' converted summary judgment motion
without giving C.B. Trucking express notice or additional time to
conduct discovery, we have little difficulty in concluding that the
court properly disposed of the predatory pricing claim.  
        A plaintiff cannot prevail on a predatory pricing claim
unless it proves that the prices it complains of are below its
competitor's costs.  See Brooke Group Ltd., 509 U.S. at 223-26.  
Further, we have recognized that a company that "prices its own
product or service at or above its own costs does not violate the
Sherman Act merely because its costs, and thus its prices, are
lower than a rival's costs."  Tri-State Rubbish, Inc. v. Waste
Management, Inc., 998 F.2d 1073, 1080 (1st Cir. 1993).
        Defendants challenged C.B. Trucking's ability to prove
its predatory pricing claims by filing an affidavit of the employee
who prepared the bids and managed the contracts at issue, stating
that Waste Management had not lost money on any of the contracts.  
This assertion was sufficient to compel C.B. Trucking to come
forward with enough competent evidence to permit a reasonable
factfinder to conclude that Waste Management had engaged in below-
cost pricing.  See LeBlanc v. Great American Ins. Co., 6 F.3d 836,
842 (1st Cir. 1993).  Rather than attempting to counter defendants'
assertion with hard evidence, however, C.B. Trucking offered only
its president's statement that Waste Management must have engaged
in below-cost pricing because its bids exceeded C.B. Trucking's
costs.  Conclusory statements of this type are insufficient to
sustain a predatory pricing claim in the face of a properly
supported summary judgment motion.  Consequently, based on the
record the parties presented, we agree with the district court's
decision to summarily dispose of C.B. Trucking's predatory pricing
claim.
                             III.
        For the reasons discussed above, we find that the
district court properly granted summary judgment against plaintiff.
Accordingly, the judgment of the district court is affirmed.  

</body>

</html>